Gonzales v. Sessions

BIA
A094 923 510

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 16ᵗʰ day of November, two thousand seventeen.

PRESENT:
        JOSÉ A. CABRANES,
        ROBERT D. SACK,
        SUSAN L. CARNEY,
            *Circuit Judges.*
_____

MARIA JEWEL ELINZANO GONZALES,
        *Petitioner,*

        v.                                      16-3174
                                                NAC

JEFFERSON B. SESSIONS III,
UNITED STATES ATTORNEY GENERAL,
        *Respondent.*
_____

FOR PETITIONER:          Felix Q. Vinluan, Woodside, NY.

FOR RESPONDENT:          Chad A. Readler, Acting Assistant
                         Attorney General; Russell J.E.
                         Verby, Senior Litigation Counsel;
                         Nancy Kwang Canter, Trial Attorney,
                         Office of Immigration Litigation,
                         United States Department of Justice,
                         Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Maria Jewel Elinzano Gonzales, a native and citizen of the Philippines, seeks review of an August 15, 2016, decision of the BIA denying her motion to reopen. *In re Maria Jewel Elinzano Gonzales,* No. A 094 923 510 (B.I.A. Aug. 15, 2016). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We have reviewed only the BIA's denial of Gonzales's 2016 motion, not the agency's underlying decisions. *See Ke Zhen Zhao v. U.S. Dep't of Justice*, 265 F.3d 83, 89-90 (2d Cir. 2001). We review that denial for abuse of discretion. *Ali v. Gonzales*, 448 F.3d 515, 517 (2d Cir. 2006). "An abuse of discretion may be found in those circumstances where the Board's decision provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements." *Kaur v. BIA*, 413 F.3d 232, 233 (2d Cir. 2005) (internal quotation marks omitted). We review the BIA's factual findings about country conditions for substantial evidence. *Jian Hui Shao v. Mukasey*, 546 F.3d 138,

169 (2d Cir. 2008).

An alien may file one motion to reopen no later than 90 days after the final administrative decision was rendered. 8 U.S.C. § 1229a(c)(7)(A), (C)(i); 8 C.F.R. § 1003.2(c)(2). Those time and number limitations may be excused if the motion is filed to apply for asylum "based on changed country conditions arising in the country of nationality or the country to which removal has been ordered, if such evidence is material and was not available and would not have been discovered or presented at the previous proceedings." 8 U.S.C. § 1229a(c)(7)(A), (C)(ii); *see also* 8 C.F.R. § 1003.2(c)(3). In addition to applying the time and number limitations, the BIA "may deny a motion to reopen based upon the failure to establish a prima facie case for the relief sought." *Matter of Coelho*, 20 I. & N. Dec. 464, 472 (BIA 1992); *see also INS v. Abudu*, 485 U.S. 94, 104 (1988).

Gonzales's 2016 motion to reopen ran afoul of the time and number limitations: it was her second motion, filed more than 90 days after the BIA's October 2015 decision. 8 U.S.C. § 1229a(c)(7)(C)(i); 8 C.F.R. § 1003.2(c)(2). Gonzales, however, presses changed country conditions since her original merits hearing in 2008. 8 U.S.C. § 1229a(c)(7)(C)(ii); *In re*

3

*S-Y-G-*, 24 I. & N. Dec. 247, 253 (BIA 2007) (the agency "compare[s] the evidence of country conditions submitted with the motion to those that existed at the time of the merits hearing below"). Substantial evidence supports the BIA's finding that conditions have not changed. Gonzales's mother described run-ins with Gonzales's ex-husband that did not differ materially from the abuse Gonzales described at her merits hearing. Although this determination is dispositive, as discussed below, we find no error in the BIA's alternative conclusion that Gonzales failed to establish her prima facie eligibility for withholding of removal or relief under the Convention Against Torture ("CAT").

The BIA reasonably found that Gonzales failed to establish her prima facie eligibility for withholding of removal on the grounds that her motion did not explain why she cannot relocate in the Philippines. Withholding of removal is unavailable if the alien "could avoid a future threat to his or her life or freedom by relocating to another part of the proposed country of removal and, under all the circumstances, it would be reasonable to expect the applicant to do so." 8 C.F.R. § 1208.16(b)(2). The agency had questioned why Gonzales could not relocate. The BIA was within its discretion to find that

4

Gonzales's latest motion to reopen failed to answer that question.

The BIA also reasonably found that Gonzales failed to establish her prima facie eligibility for CAT relief. The CAT regulations define torture as "pain and suffering inflicted by or at the instigation of or with the consent or acquiescence of a public official or other person acting in an official capacity." 8 C.F.R. § 1208.18(a)(1). Gonzales testified that after abusive episodes she did not go to the police, drawing no connection between the abuse and any governmental official's consent or acquiescence.

Finally, Gonzales received all the process due to her: a hearing before the IJ, an appeal to the BIA, and consideration of her motions for reopening. The statute does not require the BIA to remand for an evidentiary hearing absent a showing of changed conditions and prima facie eligibility for asylum. 8 U.S.C. § 1229a(c)(7)(B), (C)(ii); *Xiao Ji Chen v. U.S. Dep't of Justice*, 434 F.3d 144, 155 (2d Cir. 2006) ("Petitioner points to nothing in the record suggesting that she was denied a full and fair opportunity to present her claims; nor has she established that the IJ or BIA otherwise deprived her of fundamental fairness.").

5

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk